**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTIAN PFIEFFER, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 17-CV-2309-H(WVG)<br><br>**REPORT AND RECOMMENDATION RE:**<br>**(1) CONSTRUING MOTION TO VACATE AS AN AMENDED PETITION; (2) DISMISSING THE AMENDED PETITION;**<br>**(3) DENYING THE MOTION FOR RULING [ECF No. 18]; and**<br>**(4) DISMISSING THE ACTION** |

　　Petitioner Joshua Davis Bland, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 13, 2017 which challenged his 1998 conviction for seven counts of lewd acts on a child in violation of Penal Code § 288(a), in San Diego Superior Court case no. SCS227759. (Pet., ECF No. 1.) After the Court notified Bland that his Petition contained unexhausted claims and provided him with options to address this issue, Bland instead filed a document entitled "Motion to Vacate Previous Habeas Contentions and to Set Aside Void Judgment Per Rule

1

60(b)(4)" ("Motion to Vacate" or "Mot. to Vacate"). (ECF No. 6.) Respondent filed a response to the motion (ECF No. 14), and Bland filed a Reply (ECF No. 19).

The Court has read and considered the Motion (ECF No. 6), the Response (ECF No. 14), the documents lodged by Respondent in support of the Response (ECF No. 15), and the legal arguments presented by both parties. For the reasons discussed below, the Court recommends the Motion to Vacate be CONSTRUED as an Amended Petition and that it be DISMISSED with prejudice. In addition, the Court RECOMMENDS Bland's Motion for Ruling (ECF No. 18) be DENIED as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 1998, Bland pleaded guilty in San Diego Superior Court to seven counts of lewd act on a child under 14 years of age, a violation of California Penal Code § 288(a). (Lodgment No. 2, ECF No. 15-2 at 1.) He was sentenced to 12 years in prison. (Lodgment No. 1, ECF No. 15-1.) When Bland was scheduled to be released from custody, the San Diego District Attorney's Office filed a petition to commit Bland as a sexually violent predator pursuant to California Welfare and Institutions Code §§ 6600 and 6604. (Lodgment No. 2, ECF No. 15-2.) After a hearing, Bland was committed to an indeterminate term under the sexually violent predator provisions. (*Id.*)

In 2014, while he was under commitment and treatment at Coalinga State Hospital, Bland was found to be in possession of child pornography and was subsequently prosecuted for that crime. (Lodgment No. 4, ECF No. 15-4.) Following a jury trial, he was convicted of two counts of possession of child pornography, a violation of Penal Code § 311.11(a) and sentenced to two consecutive terms of 25 years-to-life in prison. (Lodgment No. 3, ECF No. 15-3.)

Bland appealed his child pornography convictions to the California Court of Appeal, Fifth Appellate District, which affirmed his conviction in a written, unpublished opinion.

(Lodgment No. 4, ECF No. 15-4.) Bland does not appear to have challenged his child pornography convictions in the California Supreme Court.[1]

Bland claims he filed a petition for writ of habeas corpus challenging his 1998 conviction in the San Diego Superior Court, which was denied. (Pet., ECF No. 1 at 3.) Bland next filed a petition for writ of mandamus in the California Court of Appeal, Fourth Appellate District on October 11, 2017. (Lodgment No. 5, ECF No. 15-5.) In that petition, he claimed, as he does in his current federal petition, that the state court and state law enforcement authorities lacked jurisdiction over him and therefore the prosecution for lewd act with a child was without force of law. (*Id.*) The state appellate court denied the petition on October 13, 2017. (Lodgment No. 6, ECF No. 15-6.) Bland did not file a petition for writ of mandamus or petition for writ of habeas corpus in the California Supreme Court.

Bland filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court on November 13, 2017. (ECF No. 1.) He thereafter filed a Motion to Vacate. (ECF No. 6.) Respondent filed a response to the motion and lodgments on February 28, 2018. (ECF Nos. 14-15.) Bland filed a Reply on March 22, 2018, and a Motion for Ruling seeking a default judgment in the action due to Respondent's silence. (ECF Nos. 18-19.)

## II. DISCUSSION

Petitioner asks the Court to declare his 1998 conviction void pursuant to Federal Rule of Civil Procedure 60(b)(4) because the state courts do not have the authority or jurisdiction to charge him with crimes. (Mot. to Vacate, ECF No. 6 at 1-9.) He argues that because he has not given his explicit consent to be subject to the state's laws or constitution,

---

[1] Bland filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California which challenged his 2014 child pornography convictions. *See Bland v. Pfieffer*, 17cv1529-LJO(MJS) (E.D. Cal.). He also has a second case in this Court, *Bland v. Att'y. Gen. of the State of Cal.*, 17cv2570-GPC(JLB), challenging his civil commitment, which is currently closed and awaiting amendment.

he is not a party to any such laws or constitution and therefore the judgment against him is void. (*Id.*)

**A. Federal Rule of Civil Procedure 60(b) is Inapplicable to Bland's Claims**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4) (West 2017).

The Supreme Court has defined a "void" judgment for purposes of Rule 60(b)(4) as follows:

> A void judgment is a legal nullity. *See* Black's Law Dictionary 1822 (3d ed.1933); *see also id.*, at 1709 (9th ed. 2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. *See* Restatement (Second) of Judgments 22 (1980); *see generally id.*, § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.
>
> . . . .
>
> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only

for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction. *Nemaizer v. Baker*, 793 F.2d 58, 65 (C.A.2 1986); *see, e.g., Boch Oldsmobile*, supra, at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted))."

*United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

As Respondent notes, the Federal Rules of Civil Procedure apply only to United States District Courts and do not apply to state courts. "[N]either Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts." *Washington–Baltimore N.G., Loc. 35 v. Washington Post Co.*, 442 F.2d 1234, 1239 (D.C. Cir. 1971). Indeed, Rule 1 of the Federal Rules of Civil Procedure explicitly states that "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts." Accordingly, this Court does not have the authority or jurisdiction to declare void a state court conviction pursuant to Rule 60(b)(4). The sole method by which a state prisoner may seek to challenge a state court conviction is by invoking 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). Accordingly, there is no basis upon which the Court can declare Bland's 1998 conviction void as he desires.

## B. Construing Bland's Rule 60(b) Motion as an Amended Petition

Respondent urges the Court to construe Bland's Motion to Vacate as a Petition for Writ of Habeas Corpus and deny the Petition because Bland is no longer in custody for the 1998 conviction, he has not stated a valid federal constitutional claim, and the claims are untimely. (Answer, ECF No. 14 at 4-7.) Bland initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 13, 2017. (ECF No. 1.) The Court, having determined Bland had not alleged that he had exhausted his state judicial remedies with regard to the claims he sought to bring, advised him of the possibility of dismissal of his case due to his failure to allege exhaustion and outlined four options from which Bland was told he had to choose in order to avoid dismissal. (ECF No. 3.) He

5

17-CV-2309-H(WVG)

was given until December 29, 2017 to respond to the Court's Order by choosing one of the options. (*Id.* at 6.) On December 26, 2017, he filed the motion that is the subject of this Order, a Motion to Vacate. (ECF No. 6.) In his motion. Bland states as follows:

> As I have stated in the caption, I no longer contest any of the grounds presented in the original Petition for Writ of Habeas Corpus, other than the facts that the court that rendered the judgment lacked in its jurisdiction, further that the court did not prove "on the record" or otherwise any of its authority, quo warrants, jurisdiction for which it had so secretively, intentionally, maliciously, arbitrarily and capriciously asserted over my being and property.

(Mot. to Vacate, ECF No. 6 at 2.)

Thus, because it appears Bland intended for the Motion to Vacate to replace his Petition for Writ of Habeas Corpus, and because a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the sole method by which Bland may challenge his 1998 state court conviction, the Court should construe the Motion to Vacate as an Amended Petition pursuant to 28 U.S.C. § 2254.

As Respondent correctly argues, there are multiple problems with Bland's challenge to his state court conviction. First, he is no longer in custody for his 1998 conviction. "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Bland may not challenge the constitutional validity of his 1998 conviction for lewd acts on a child via a § 2254 petition because he was no longer in actual custody pursuant to that conviction and does not allege he was in constructive custody (*e.g.*, parole or probation) at the time he filed the Petition in this case on November 13, 2017. *See Brock*, 31 F.3d at 889. "[O]nce the sentence imposed for a conviction has completely expired, the

collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 290 U.S. at 490; *see Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement). Bland's civil commitment under Welfare and Institutions Code sections 6600 and 6604 is a "collateral consequence" of his conviction that does not render him "in custody" on the 1998 conviction. *See Welker v. Hartley*, No. C-08-4551-RMW(PR), 2011 U.S. Dist. LEXIS 70163, at *17 (N.D. Cal. June 28, 2011); *People v. Ibanez*, 90 Cal. Rptr. 2d 536, 542 (Cal. Ct. App. 1999) ("It is undisputed that civil commitment under the SVPA is a collateral consequence rather than a direct penal consequence . . . ."). Moreover, although his subsequent conviction and prison sentences in 2014 for possession of child pornography resulted in incarceration, this conviction does not satisfy the requirement that he be "in custody" for the 1998 conviction that is the subject of the Petition. Although Bland was incarcerated when he filed the Petition, he was not serving any sentence arising from the 1998 conviction.

Moreover, the Petition is untimely. Under 28 U.S.C. § 2244(d)(2), a petitioner has one year from the date his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute of limitations, however, is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Calderon v. U.S. Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). Bland was convicted by guilty plea in San Diego Superior Court case no. SCN085554 on November 5, 1998. (Lodgment No. 2, ECF No. 15-2 at 1.) He did not appeal his conviction. The conviction became final under California law 60 days later on January 4, 1999. Cal. R. Ct. 8.308(a) (West 2007), formerly Cal. R. Ct. 31(d); *see Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001). Absent statutory or equitable tolling, Bowman's federal habeas corpus petition was due January 4, 2000.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be

counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Bland did not file any state habeas corpus petitions challenging his 1998 conviction.

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007), quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Bland has alleged neither that "he has been pursuing his rights diligently," nor that "some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. at 336-37.

Bland's federal petition was due January 4, 2000. 28 U.S.C. § 2244(d)(1). He did not file the original federal petition in this case until November 13, 2017. (ECF No. 1.) The petition is therefore untimely.

## C. The Motion for Ruling

On March 12, 2018, Bland filed a document entitled "Motion for Ruling." (ECF No. 18.) In it, he asks this Court to enter a default judgment in his favor because Respondent has not filed a response to his Petition and has not established the state superior court had jurisdiction over him. (*Id.*) A default judgment may be entered against a party "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a) (West 2012). Respondent was not required to respond to Bland's original petition because the Court directed only Bland to respond to the Options Order. Moreover, when ordered to do so, Respondent filed a response to Bland's Motion to Vacate. (ECF No. 14). Accordingly, Respondent is not in default, and the Court therefore recommends the Motion for Ruling (ECF No. 18) be **DENIED**.

/ / /

/ / /

## IV. CONCLUSION

**IT IS HEREBY RECOMMENDED** that the Court issue an Order (1) construing Petitioner's Motion to Vacate as an Amended Petition; (2) dismissing the Amended Petition with prejudice; (3) denying the Motion for Ruling; and (4) dismissing the action in its entirety.

**IT IS ORDERED** that **no later than May 17, 2018** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than May 31, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: April 4, 2018

Hon. William V. Gallo
United States Magistrate Judge