# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTIAN PFIEFFER, Warden, Kern Valley State Prison,<br><br>         Respondent. | Case No.: 3:17-cv-02309-H-WVG<br><br>**ORDER:**<br><br>**(1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND RELATED MOTIONS; and**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Doc. Nos. 6, 18, 20, 21.] |

  On November 13, 2017, Petitioner Joshua Davis Bland, a pro se prisoner at the Kern Valley State Prison in Delano, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his seven convictions for performing lewd and lascivious acts on children under the age of fourteen, see Cal. Penal Code § 288(a). (Doc. No. 1.) On December 26, 2017, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to vacate his state court convictions, and indicated in that motion that he was no longer contesting the grounds raised in his original petition. (Doc. No. 6.) On

1

April 4, 2018, the Hon. William V. Gallo issued a Report and Recommendation recommending that the Court dismiss the petition for lack of jurisdiction, and in the alternative, as time barred. (Doc. No. 20.) Petitioner filed objections to the Report and Recommendation on April 30, 2018, (Doc. No. 21), and Respondent elected not to reply. For the reasons that follow, the Court adopts the Report and Recommendation as supplemented by the reasoning in this Order, and dismisses the petition.

## Background

### I. Factual and Procedural History

On November 5, 1998, Petitioner pled guilty in the San Diego County Superior Court to seven counts of performing lewd and lascivious acts on minors in violation of Cal. Penal Code § 288(a). (Doc. No. 15-1.) He was sentenced to 12 years in prison. (Id.) On July 26, 2010, just before Petitioner's prison term was set to expire, the State of California filed a petition to commit Petitioner to the custody of the California Department of Mental Health for involuntary treatment as a sexually violent predator pursuant to Cal. Welfare & Institutions Code §§ 6600 and 6604. (Doc. No. 15-2.) The Superior Court granted the State's petition on June 23, 2011, and ordered Petitioner committed at the Coalinga State Hospital. (Id.)

On February 5, 2014, a jury convicted Petitioner of possessing child pornography during his civil commitment, and the Kern County Superior Court sentenced him to two consecutive terms of 25 years to life in prison. (Doc. No. 15-3.) The California Court of Appeal for the Fifth District affirmed Petitioner's sentence. (Doc. No. 15-4.) Petitioner challenged the Kern County convictions in a separate habeas proceeding in the Eastern District of California, but the court dismissed that petition on March 27, 2018. See Bland v. Pfieffer, No. 1:17-cv-1529-MJS, ECF Nos. 23, 24 (E.D. Cal.).

On October 11, 2017, Petitioner filed a petition for a writ of mandamus in the California Court of Appeal for the Fourth District challenging his 1998 child molestation convictions. (Doc. No. 15-5.) Petitioner claimed that his 1998 convictions were invalid because his plea was involuntary, and because the San Diego County Superior Court lacked

2

3:17-cv-02309-H-WVG

jurisdiction over him. (Id.) The Court of Appeal summarily denied the petition on October 13, 2017. (Doc. No. 15-6.)

On November 13, 2017, Petitioner filed the instant petition, which challenges his 1998 convictions, re-asserts the same claims that were denied in his petition for a writ of mandamus, and adds a claim for ineffective assistance of counsel. (Doc. No. 1.) On December 26, 2017, Petitioner filed a motion to set aside his 1998 convictions under Federal Rule of Civil Procedure 60(b)(4). (Doc. No. 6.) In the Rule 60(b)(4) motion, Petitioner explicitly abandoned all of the claims asserted in his petition except his claim that the San Diego County Superior Court lacked jurisdiction over him. (Id.)

On April 4, 2018, the Magistrate Judge issued a Report and Recommendation construing the Rule 60(b)(4) motion as an amended petition,[1] and dismissing the petition for lack of jurisdiction and as time barred. (Doc. No. 20.) Petitioner filed timely objections on April 30, 2018. (Doc. No. 21.)

## II. Standard of Review

Petitioner's claims are governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "An application for a writ of habeas corpus . . . shall not be granted unless it appears that (A) the applicant has exhausted the remedies

---

[1] The Court agrees with the Report and Recommendation that Petitioner's Rule 60(b)(4) motion is more properly construed as an amended petition. Section 2254 is the "exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004)). State court judgments are not subject to attack under the Federal Rules of Civil Procedure. See Wash.-Baltimore News. Guild, Local 35 v. Wash. Post Co., 442 F.2d 1234, 1239 (D.C. Cir. 1971) ("Of course, neither Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts." (footnote omitted)). Moreover, it is evident that Petitioner intended for the Rule 60(b)(4) motion to replace his original petition. (See Doc. No. 6 at 2 ("I no longer contest any of the grounds presented in the original Petition for Writ of Habeas Corpus, other than the facts that the court that rendered the judgment lacked in its jurisdiction . . . .").

3
3:17-cv-02309-H-WVG

available in the courts of the State." Id. § 2254(b)(1)(A). Additionally, an "application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(1)–(2).

In determining whether to defer to a state court's denial of a habeas petitioner's claims, the Court reviews the reasoning of the last state court to have denied the claims on the merits. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). In this case, the California Court of Appeal denied Petitioner's jurisdictional claim without explanation. (Doc. No. 15-6.) "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. at 98. "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of" the Supreme Court. Id. at 102.

## Discussion

After reviewing the petition de novo, see 28 U.S.C. § 636(b)(1), the Court agrees with the Report and Recommendation that it lacks jurisdiction over this petition because Petitioner is no longer "in custody" for his 1998 convictions. In the alternative, the Court concludes that the petition fails on the merits, and is otherwise time barred.

I.  **Subject Matter Jurisdiction**

Respondent argues, and the Report and Recommendation concluded, that the Court

lacks jurisdiction to consider the petition because Petitioner is no longer "in custody" pursuant to his 1998 convictions. (Doc. No. 14 at 4; Doc. No. 20 at 6–7.) Petitioner argues that he is still in custody because he is subject to unpaid restitution fines stemming from those convictions. (Doc. No. 21 at 2.)

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment or a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question [the Court] must consider.'" Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (quoting Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)).

"Section 2254(a)'s 'in custody' requirement 'has been interpreted to mean that federal courts lack jurisdiction over habeas petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'" Id. at 978–79 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). The Ninth Circuit has "repeatedly recognized that the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements." Id. at 979; Williamson, 151 F.3d at 1183 (collecting cases for the proposition that "courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement."). "Liability under a restitution order is 'like a fine-only conviction' and 'is not a serious restraint on . . . liberty as to warrant habeas relief.'" Bailey, 599 F.3d at 979 (quoting Tinder v. Paula, 725 F.2d 801, 805 (1st Cir. 1984)).

Here, it is undisputed that Petitioner's sentence for his 1998 convictions expired in 2010, and that he is currently in custody pursuant to his 2014 conviction for possessing child pornography. Petitioner is mistaken that his unpaid restitution fine stemming from the 1998 convictions is a sufficient restraint on his liberty to support habeas jurisdiction. See id. The Court accordingly dismisses the petition for lack of subject matter jurisdiction.

## II. Merits

For the sake of thoroughness, the Court will address the petition's merits in the alternative. Petitioner professes what appears to be a "sovereign citizen" belief system. See, e.g., United States v. Mitchell, 405 F. Supp. 2d 602, 603 (D. Md. 2005) (describing sovereign citizen beliefs). The crux of his argument is that the State of California lacked jurisdiction to prosecute him for child molestation because he has not consented to the State's jurisdiction, has not contracted with the State, and is not a party to the State's constitution. (See Doc. No. 21.) "Courts across the country have uniformly rejected arguments based on the sovereign citizen ideology as frivolous, irrational, or unintelligible." Hilson v. Arnett, No. 1:15-cv-1240-MJS (PC), 2016 WL 4095959, at *4 (E.D. Cal. Aug. 1, 2016); see also United States v. Staten, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) (collecting cases).

To briefly dispense with Petitioner's specific claim here, the Supreme Court has held that "each State's power to prosecute is derived from its own 'inherent sovereignty[.]'" Heath v. Alabama, 474 U.S. 82, 89 (1985) (quoting United States v. Wheeler, 435 U.S. 313, 320 (1978)). "Thus, '[e]ach [State] has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses[.]'" Heath, 474 U.S. at 89 (quoting Wheeler, 435 U.S. at 320). California has elected to exercise its sovereign authority to exert criminal jurisdiction over "[a]ll persons who commit, in whole or in part, any crime within" its borders. Cal. Penal Code § 27(a)(1). Petitioner pled guilty to molesting children in California. (Doc. No. 15-1.) California thus had jurisdiction to prosecute him, with or without his consent or contractual privity.

## III. Statute of Limitations

Although the Court concludes that Petitioner's claim fails on the merits, the Court also agrees with the Report and Recommendation that the claim is time-barred. AEDPA requires state prisoners to file federal habeas claims within one year after receiving an adverse judgment from a state court. 28 U.S.C. § 2244(d)(1). Relevant here, the one year limitation clock began to run on "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Petitioner's 1998 judgment of conviction in the San Diego County Superior Court was entered on November 5, 1998, and that judgment became final 60 days later on January 4, 1999 when his time to file a direct appeal expired. See Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001). Thus, Petitioner had until January 4, 2000 to file a federal habeas petition, making this petition almost 18 years late.

Petitioner argues that AEDPA's statute of limitations should be equitably tolled because of: (i) unspecified mental health problems; (ii) prison transfers; and (iii) his ignorance of the law. (Doc. No. 21 at 11–12.) Equitable tolling of AEDPA's statute of limitations is available only when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. Diuguglielmo, 544 U.S. 408, 418 (2005)). The circumstances identified by Petitioner are not "extraordinary," and do not justify equitable tolling. See, e.g., Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[W]e have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."); Rosati v. Kernan, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." (quoting Corrigan v. Barbery, 371 F. SUpp. 2d 325, 330 (W.D.N.Y. 2005))); Reyes v. Marshall, No. CV–10–3931–PA (MAN), 2011 WL 1496376, at *1 (C.D. Cal. Apr. 19, 2011) (declining to equitably toll limitations period for over 13 years because of petitioner's unspecified mental health problems).

**IV.    Motion for Default**

Petitioner also filed a motion asking the Magistrate Judge to enter a default judgment in his favor. (Doc. No. 18.) However, as the Report and Recommendation correctly explains, Respondent was not in default because he filed a response to the amended

petition. (Doc. No. 14.) The motion for default was properly denied.

## V. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254. A certificate of appealability may be issued only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits, a petitioner satisfies the above requirement by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, "[w]hen a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a petitioner satisfies the standard by also showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, after reviewing the petition, the Court concludes that jurists of reason would not find the Court's analysis that the Court lacks jurisdiction to consider the petition, and that Petitioner's claim fails on the merits and is otherwise time-barred, debatable or wrong. The Court accordingly declines to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, the Court concludes that it lacks jurisdiction to consider the petition. In the alternative, the Court denies the petition on the merits, and as time barred. The Court accordingly adopts the Report and Recommendation as supplemented by the reasoning in this Order, overrules Petitioner's objections, and dismisses the petition.

**IT IS SO ORDERED.**

DATED: June 5, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT